## Tonnietti et ux. v. Herring et al.

*Allen L. Feingold*, for plaintiffs.
*Joseph R. Thompson*, for defendants.

BRADLEY, *J.*, December 2, 1974—The above captioned case is before the court for disposition of defendants' motion for opening default judgment. Default judgment was entered October 7, 1974, as a sanction for defendants' failure to answer interrogatories as provided for by Pa. R.C.P. 4005*(d).

In support of the motion, defendants have alleged certain reasons in the way of explanation or excuse for failure to answer plaintiffs' interrogatories, and they have alleged that plaintiffs would not be prejudiced by an order granting this motion. Plaintiffs filed an answer in opposition to the motion alleging that defendants' failure to comply is not excusable and that plaintiffs would suffer (unspecified) prejudice if the motion were granted.

It is not necessary to reach the merits of the issues thus presented, since the judgment by default was entered despite failure to comply with the procedural requirements of Pa. R.C.P. 4005*(d).

On August 13, 1974, an interlocutory order was filed directing the defendants . . .

". . . to file with the Prothonotary answers to the Interrogatories already propounded to said party within 30 days from date of service *hereof* or suffer judgment by default as to liability . . ." (Emphasis supplied).

Defendants were notified by ordinary mail on July 29, 1974, of plaintiffs' intention to file a praecipe for an interlocutory order. They were not

given notice that the interlocutory order actually had been entered until October 3, 1974, four days before judgment by default was entered. Under the terms of the interlocutory order judgment by default could not have been entered properly until 30 days after October 3rd.

Under the provisions of Pa. R.C.P. 4005*(d), it is possible for a party to have judgment by default entered against his adversary without the necessity of obtaining an order from a judge, as he would otherwise have to do under Pa. R.C.P. 4019. Justification for such procedure depends on strict enforcement of the notice requirements provided for in that procedure. The fact that a mechanical procedure is provided for by Pa. R.C.P. 4005*(d) should perhaps have put defense counsel on guard when he received the original notice of an intention to file a praecipe for, and an interlocutory order for, sanctions. However, it did not give him notice of the deadline for compliance with that order. Defendants were entitled to 30 days from the date of service of a copy of the interlocutory order. The burden of providing that notice is placed by the rule squarely on the party seeking sanctions. That is where it belongs: with the party whose actions determine when the deadline is, and not with the party which is notified only that a deadline may or may not have to be met, depending on what his adversary does.

Therefore, upon consideration of the within petition and answer, and in light of the above discussion, we enter the following

## ORDER

And now, December 2, 1974, the judgment by default entered October 7, 1974 is hereby vacated.

It is further ordered that defendants shall file with the prothonotary full and complete answers to the interrogatories already propounded to said party within 20 days from the date of service of this order, or suffer judgment by default as to liability with action to proceed to determine damages.

This order shall be treated as an interlocutory order within the meaning of Pa. R.C.P. 4005*(d). If answers to the interrogatories are not filed within the prescribed time, plaintiffs may seek to have the order made final by proper compliance with the provisions of Pa. R.C.P. 4005*(d).